**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Phillip Bobbitt,<br>Plaintiffs,<br>vs.<br>Milberg, LLP, *et al.*,<br>Defendants. | CV-09-629-TUC-FRZ<br>**REPORT & RECOMMENDATION** |

Pending before the Court is a Motion to Dismiss filed pursuant to Rule 12(b)(6), Fed. R. Civ. P. by Defendants Milberg, LLP, Melvyn I. Weiss, Michael C. Spencer, Janine L. Pollack, Lee A. Weiss, Brian C. Kerr, Uitz & Associates, Ronald A. Uitz, Gabroy, Rollman & Bosse, P.C., John Gabroy and Ronald Lehman (collectively, "Milberg") on February 12, 2010. (Doc. 42.) Plaintiffs filed a response on March 15, 2010. (Doc. 50.) Defendants filed a reply on April 2, 2010.[1] (Doc. 51.) The Court ordered Plaintiffs to file a sur-reply; Plaintiffs' sur-reply was filed on July 1, 2010. (Doc. 57.)

Pursuant to the Rules of Practice in this Court, the matter was assigned to Magistrate Judge Guerin. (Doc. 58.) Having now considered the motion, the Magistrate recommends the District Court, after its independent review of the record, enter an order granting Defendants' Motion in part.[2]

---

[1]Defendants The Lustigman Firm, P.C., Sheldon S. Lustigman and Andrew B. Lustigman joined in the Milberg Defendants' Motion to Dismiss and Reply. (Docs. 43 and 52.)

[2]The parties requested oral argument. Numerous attempts were made to schedule a hearing at a mutually convenient time for the attorneys. During the time period in which such attempts were made and after review of the motion and responses, the Magistrate

## FACTUAL AND PROCEDURAL BACKGROUND

**The *Drnek* Class Action**

On April 20, 2001, James Drnek and Maureen Tiernan filed a class action lawsuit against The Variable Annuity Life Insurance Company and The Variable Annuity Marketing Company ("VALIC") in Pima County Superior Court ("*Drnek*"). (Doc. 37, Ex. A.) The *Drnek* plaintiffs were represented by Milberg. In *Drnek*, plaintiffs sought relief individually and on behalf of a class of insurance consumers to whom VALIC sold tax-deferred annuities that were used to fund retirement plans that were already automatically tax-deferred under the Internal Revenue Code. (*Id*.) *Drnek* alleged state law claims. (*Id*.)

VALIC removed the *Drnek* action to federal court on May 25, 2001, arguing that the *Drnek* plaintiffs' state law claims were preempted by the Securities Litigation Uniform Standards Act of 1998, 15 U.S.C. § 77p, 78bb(f). (CV-01-242-TUC-CKJ, Doc. 1.)[3] On September 21, 2001, the *Drnek* plaintiffs amended their complaint and alleged additional claims under the Securities Act of 1933 and the Securities Exchange Act of 1934. (CV-01-242-TUC-CKJ, Doc. 28.) The amended complaint defined the class as "all persons who purchased an individual variable deferred annuity contract or who received a certificate to a group variable deferred annuity contract issued by VALIC, or who made an additional investment through such a contract, on or after April 27, 1998 to April 18, 2003." (Doc. 37, Ex. A, pg. 6.) By order dated April 15, 2002, this Court dismissed all of the state law claims in *Drnek*, leaving only claims under the federal securities laws. (CV-01-242-TUC-CKJ, Doc. 60.) On October 21, 2002, the Court granted VALIC's motion to dismiss claims

---

Judge determined that oral argument was not necessary to resolve the fully-briefed motion. *See Mahon v. Credit Bureau of Placer County, Inc.*, 171 F.3d 1197, 1200 (9th Cir. 1999) (explaining that if the parties provided the district court with complete memorandum of law and evidence in support of their positions, ordinarily oral argument would not be required).

[3] In evaluating a motion to dismiss, a district court's inquiry is generally limited to the allegations in the complaint and facts that are contained in documents attached to the complaint. *See Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005). Court records from related proceedings can be taken into account without converting a motion to dismiss into a summary judgment motion. *See Shaw v. Hahn*, 56 F.3d 1128, 1129 n. 1 (9th Cir. 1995) ("In deciding whether to dismiss a claim under Fed.R.Civ.P. 12(b)(6), a court may look beyond the plaintiff's complaint to matters of public record.").

alleging violations of the Securities Act of 1933. (CV-01-242-TUC-CKJ, Doc. 79.) The remaining *Drnek* claims were asserted under the Securities Exchange Act of 1934.

On April 18, 2003, the *Drnek* plaintiffs filed a Motion for Class Certification, seeking to certify a class defined as "all persons who purchased an individual variable deferred annuity contract or who received a certificate to a group variable deferred annuity contract issued by VALIC, or who made an additional investment through such a contract, on or after April 27, 1998 to the present (Class Period), that was used to fund a contributory retirement plan or arrangement qualified for favorable income tax treatment pursuant to sections 401, 403, 408A or 457 of the Internal Revenue Code." (CV-01-242-TUC-CKJ, Doc.101; CV-09-629-TUC-FRZ, Doc. 50, Ex. C.) On January 21, 2004, the *Drnek* Court entered a one-line order granting the plaintiffs' motion for class certification.[4] (CV-01-242-TUC-CKJ, Doc. 193.)

On March 5, 2004, the *Drnek* plaintiffs moved for an order governing the mailing and publication of notices of pendency of class action. (CV-01-242-TUC-CKJ, Doc. 229; CV-09-629-TUC-FRZ, Doc. 42, Ex. 6.) The district court ultimately dismissed the motion as moot. (CV-01-242-TUC-CKJ, Doc. 304.)

**The *Drnek* Deadlines and Dismissal**

On January 23, 2003, the *Drnek* Court entered a Scheduling Order providing that "all discovery on the merits shall be completed by December 30, 2003." (CV-01-242-TUC-CKJ, Doc. 92; CV-09-629-TUC-FRZ, Doc. 50, Ex. F.) The district court also required the *Drnek* plaintiffs to identify expert witnesses and provide expert reports by January 22, 2004; VALIC was required to disclose its expert witnesses and reports by February 20, 2004; all parties were required to disclose the names of all witnesses by April 19, 2004. (*Id*.) The order provided that these deadlines "may only be modified with leave of Court and upon a showing of good cause." (*Id*.)

---

[4] For purposes of the pending Motion to Dismiss, Milberg accepts as true the allegation that this January 21, 2004 Order certified the class, but states that the Order failed to comply with Fed. R. Civ. P. 23(c)(1)(B) which provides "an order that certifies a class must define the class and the class claims, issues or defenses, and must appoint class counsel under Rule 23(g)."

On December 15, 2003, the *Drnek* parties stipulated to an extension of the December 30, 2003 discovery deadline. (Doc. 50, Ex. G.) The stipulation provided that "the time periods for the remaining provisions of the Court's January 23, 2003 Scheduling Order shall remain the same." (*Id*.) The district court approved the stipulation on January 22, 2004 and extended the discovery deadline to February 13, 2004. (CV-01-242-TUC-CKJ, Doc. 195; CV-09-629-TUC-FRZ, Doc. 50, Ex. H.)

VALIC disclosed its experts on February 20, 2004. (Doc. No, 37, pg. 11.) The *Drnek* plaintiffs did not disclose expert Steve Largent until early March, 2004. (*Id*. at pg. 12.) The *Drnek* plaintiffs did not produce Steve Largent's report or their witness list until June 3, 2004. (*Id*.) On June 17, 2004, VALIC moved to strike the *Drnek* plaintiffs' expert witness and witness list. (CV-01-242-TUC-CKJ, Docs. 262, 263.) The motions were granted on August 17, 2004. (*Id*. at Doc. 290.) Based on that ruling, the Court further found that the underlying class in *Drnek* could not prove a class-wide measure of damages. (CV-01-242-TUC-CKJ, Doc. 322.) Accordingly, the Court granted VALIC's Motion for Summary Judgment and issued judgment in favor of VALIC. (*Id*.) Because there was no way to prove a class-wide measure of damages, the Court also vacated its previous order granting class certification. (*Id*.; *see also* CV-01-242-TUC-CKJ, Doc. 290.)

On August 16, 2005, the *Drnek* plaintiffs appealed. (CV-01-242-TUC-CKJ, Doc.325; CV-09-629-TUC-FRZ, Doc. 42, Ex. 9.) On December 21, 2007, the Ninth Circuit upheld the district court's decision. (Doc. 42, Ex. 10.) The *Drnek* plaintiffs' thereafter unsuccessfully petitioned the Ninth Circuit for rehearing. The petition for rehearing was denied on January 29, 2008. (Doc. 42, Ex. 11.)

**The Instant Action**

On November 2, 2009, Plaintiffs filed the instant class action against Milberg ("*Bobbitt*"). (Doc. 1.) The complaint was amended on November 17, 2009 and again on January 11, 2010. (Doc. Nos. 13 & 37.) According to the Second Amended Complaint, the *Bobbitt* plaintiffs are members of the class that was certified in *Drnek*. They seek relief individually and on behalf of "the exact class previously certified by the Court in [*Drnek*]."

(Doc. 37, pg. 6.) Plaintiffs allege two counts against Milberg: negligence and breach of fiduciary duty. (Doc. 37, pgs. 13-14.) According to the Second Amended Complaint, Milberg failed to exercise ordinary care and diligence in litigating *Drnek*, resulting in judgment being entered in VALIC's favor. In addition, the Second Amended Complaint alleges that following the dismissal in *Drnek*, Milberg failed to disclose to the underlying class the outcome of the litigation in *Drnek*. Plaintiffs seek an award of damages, including punitive damages, against Milberg. (Doc. 37, pg. 15.)

On February 12, 2010, Milberg moved to dismiss Plaintiffs' Second Amended Complaint. (Doc. 42.)

**The *Hall* Action**

On December 21, 2009, plaintiffs John and Brenda Hall filed a class action lawsuit against VALIC in this Court. The action is brought on behalf of "all persons who purchased an individual deferred annuity contract or who received a certificate to a group deferred annuity contract, issued by VALIC, on or after January 1, 1974, to the present ("the Class Period"), that was used to fund a contributory (not defined benefit) retirement plan or arrangement qualified for favorable income tax treatment pursuant to Internal Revenue Code sections 401, 403, 408, 408A or 457" and alleges violations of the Securities Act of 1933 and the Securities Exchange Act of 1934. (CV-09-712-JMR, Doc. 1, pgs. 13-14, 37-40.) VALIC has filed a Motion to Change Venue which is currently pending before the Court. (CV-09-712-JMR, Doc. 6.)

**STANDARD OF REVIEW**

To survive a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, "factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true even if doubtful in fact." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007) (citations and internal quotations omitted). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a

formulaic recitation of the elements of a cause of action will not do." *Id.* at 1964 (citations and internal quotations omitted). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id.* at 1968 (abrogating a literal reading of *Conley*, 355 U.S. at 45-46). Dismissal is appropriate under Rule 12(b)(6) if the facts alleged do not state a claim that is "plausible on its face." *Id.* at 1973. When assessing the sufficiency of the complaint, all factual allegations are taken as true and construed in the light most favorable to the nonmoving party, *Iolab Corp. v. Seaboard Sur. Co.*, 15 F.3d 1500, 1504 (9th Cir. 1994), and all reasonable inferences are to be drawn in favor of that party as well. *Jacobsen v. Hughes Aircraft*, 105 F.3d 1288, 1296 (9th Cir. 1997).

**DISCUSSION**

Milberg seeks dismissal of Plaintiffs' Second Amended Complaint on three grounds: (1) Plaintiffs have failed to allege an injury; (2) Milberg had no duty to notify Plaintiffs of the outcome of the *Drnek* litigation, and (3) Plaintiffs have failed to allege causation. In addition, Milberg argues that no factual allegations support Plaintiffs' claim for punitive damages.

**1. Plaintiffs have properly pled the existence of an injury**

In order to state a claim for legal malpractice, Plaintiffs must allege (1) the existence of an attorney-client relationship which imposes a duty on the attorney to exercise that degree of skill, care, and knowledge commonly exercised by members of the profession, (2) a breach of that duty, (3) that such negligence was a proximate cause of resulting injury, and (4) the fact and extent of the injury. *See Toy v. Katz*, 961 P.2d 1021, 1033 (Ariz. App.1997).[5] In an action for legal malpractice, "injury" means "the loss of a right, remedy or interest, or the imposition of liability." *Cecala v. Newman*, 532 F.Supp.2d 1118, 1134 (D. Ariz. 2007). Milberg contends that Plaintiffs have failed to state a claim with respect to their allegations of negligence and breach of fiduciary duty because Plaintiffs have not suffered an injury: according to Milton, Plaintiffs' statute of limitations in which to pursue the class claims

[5] The parties agree that Arizona law applies in the instant case. (Doc. 42, pg. 8, n.6.)

alleged in *Drnek* has not expired.

The securities fraud claims in *Drnek* were subject to a limitations period of three years from the date of the injury and one year from the date of discovery of the claims.[6] *See* 15 U.S.C. § 78i(e); *see also Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson*, 501 U.S. 350, 364 (1991); *Newman v. Warnaco Group, Inc.*, 335 F.3d 187, 193 (2d Cir. 2003).[7] Plaintiff Phillip Bobbitt purchased a VALIC annuity contract on December 5, 2000; under 15 U.S.C. § 78i(e), the statute of limitations on his securities fraud claims ordinarily would have expired on December 5, 2003. (Doc. 37, pg. 3). Plaintiff John Sampson purchased a VALIC annuity contract on September 27, 2000; the statute of limitations on his claims ordinarily would have expired on September 27, 2003.

However, "the commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action." *American Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 554 (1974). Once the statute of limitations has been tolled, it remains tolled for all members of the putative class until class certification is denied. *See Crown, Cork & Seal Co., Inc. v. Parker*, 462 U.S. 345, 354 (1983). Here, the filing of *Drnek* on April 20, 2001, tolled the *Bobbitt* Plaintiffs' statute of limitations. The statute of limitations remained tolled until August 17, 2004, when class certification was denied. Accordingly, Plaintiff Bobbitt's statute of limitations ran 137 days, from December 5, 2000 to April 20, 2001, and was then tolled until August 17, 2004. It then expired approximately 958 days later, on April 2, 2007.

---

[6] The language of the statute precludes the application of equitable tolling: the suit must be brought within three years of the date of injury (in this case, the date of purchase) *and* within one year of the date of discovery. Thus, the limitations period expires three years after the date of injury even if the injury is never discovered. *See Walck v. American Stock Exchange, Inc.*, 687 F.2d 778, 792 (3rd Cir. 1982); *see also Griggs v. Pace American Group, Inc.*, 170 F.3d 877, 881 n.3 (9th Cir. 1999).

[7] The Sarbanes-Oxley Act, enacted on July 30, 2002, changed the applicable 1-year/3-year statute of limitations. It allows plaintiffs to bring a securities fraud action not later than the earlier of 2 years after the discovery of the facts constituting the violation or 5 years after such violation. It does not apply retroactively. *See In re Enterprise Mortgage Acceptance Co., L.L.C. Securities Litigation*, 295 F.Supp.2d 307, 311 (S.D.N.Y. 2003).

Similarly, Plaintiff Sampson's statute of limitations ran 206 days from September 27, 2000 until April 20, 2001 and was then tolled until August 17, 2004. It then expired approximately 889 days later, on January 22, 2007. Thus, even with the tolling provided by *Drnek*, Plaintiffs' statutes of limitations have expired.

Milberg contends that Plaintiffs' statutes of limitations should be considered tolled during the entire pendency of *Drnek*, including the appeal to the Ninth Circuit and the expiration of time for filing a writ of certiorari with the United States Supreme Court. As a "general rule ... tolling continues until the judgment in the case becomes final or until a final adverse determination is made. If the judgment is appealed, this occurs when the appeal is decided; if no appeal is taken, the judgment becomes final when the time for appeal ends." *Taylor v. United Parcel Service, Inc.*, 554 F.3d 510 (5th Cir. 2008) (internal quotation omitted). However, when a class action is decertified, the statute of limitations for putative class members is not tolled during subsequent appeal, even if the appeal concerns the district court's denial of class certification. *See Taylor v. United Parcel Service, Inc.*, 554 F.3d 510, 519 (5th Cir. 2008) (citing *Calderon v. Presidio Valley Farmers Assoc.*, 863 F.2d 384 (5th Cir. 1989)).

Milberg asserts that the district court's August 17, 2004 Order was a ruling on the merits, rather than a decertification order, and therefore the limitations period continued to be tolled. (Doc. 51, pg. 3.) In *Taylor*, the court did state that the statute of limitations is tolled during the pendency of an appeal concerning the *merits* of a class claim, however the class in *Taylor* had not been decertified. *See Taylor*, 554 F.3d at 521. According to the *Taylor* court, if a class is never decertified, class members are "entitled to assume that the class representatives continued to represent [them] and protect [their] interests in appealing the order dismissing the class claims on the merits." The District Court's August 17, 2004 Order, however, cannot be characterized as a ruling on the merits as opposed to a decertification of the class. In its August 17, 2004 Order, the Court found that "Plaintiffs cannot prove a class-wide measure of damages. This conclusion leads to the conclusion that the class certification granted by the Court should be vacated. . . . [T]he Court requests that

the parties file simultaneous briefs on the issue of whether this matter may go forward, absent class certification." (Doc. 42, Ex. 8.) The district court effectively decertified the class on August 17, 2004. The Court's ruling was the equivalent of a determination that, absent a class-wide measure of damages, plaintiffs had not met the Rule 23 requirement that a class action be "superior to other available methods for fairly and efficiently adjudicating the controversy." Rule 23(b)(3), Fed. R. Civ. P. After August 17, 2004, "the putative class members had no reason to assume that their rights were being protected. Stated differently, they were notified that they were no longer parties to the suit and they should have realized that they were obliged to file individual suits or intervene in the class action." *Taylor*, 554 F.3d at 520. Accordingly, the Magistrate recommends that the District Court reject Milberg's argument that Plaintiffs have failed to properly allege the injury element of their claims.

**2. Whether Milberg owed a duty to Plaintiffs to provide notice of the decertification in *Drnek* is a question for the trier of fact**

In order to state a claim for legal malpractice/breach of fiduciary duty, Plaintiffs must sufficiently allege that Milberg owed Plaintiffs a duty to represent Plaintiffs "with strictest loyalty and act with the highest and utmost good faith," that Milberg breached that duty, and that Plaintiffs were injured as a result. *See* Arizona Pattern Jury Instructions (Civil) Commercial Torts 1C (4th ed.) (citing *Talbot v. Schroeder*, 475 P.2d 520, 521 (Ariz. App. 1970)). Milberg contends that Plaintiffs have failed to allege a duty because Milberg did not have any duty to provide Plaintiffs with notice of the decertification in *Drnek*. According to Milberg, because notice was never provided to the class prior to decertification, there were no known class members to whom Milberg could provide notice of decertification.

Rule 23, Fed. R. Civ. P. includes notice provisions designed to protect the rights of certified class members. *See, e.g.*, Rule 23(c)(2)(B), Fed. R. Civ. P. ("the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort.") Class members who receive notice that a class action has been certified are presumed to rely on that class action to litigate their rights, and are therefore entitled to notice if the class action

is decertified. *See Hervey v. City of Little Rock*, 787 F.2d 1223, 1230 (8th Cir. 1986) ("Finally, we note that notice of the decertification is required only to the extent necessary to reach those potential class members who received notice of certification and relied on being included in the class . . . If no notice of certification was given, no notice of decertification is required."). However, if a class is never certified (or, as in this case, the certified class is never notified), the question arises whether putative class members have relied on the existence of the lawsuit such that they are entitled to notice of dismissal (or, in this case, notice of decertification). Although the Ninth Circuit appears not to have directly addressed the issue,[8] other circuits are split as to whether notice of dismissal is required in class actions where the class never received notice of certification. *See Doe v. Lexington-Fayette Urban County Government*, 407 F.3d 755, 761 (6th Cir. 2005) (collecting cases). Irregardless, where class notice is required, Rule 23(e), Fed.R.Civ.P places the burden on the district court to ensure that such notice occurs.[9] *See id*. at 762 ("If, upon examination, the district court should find that the putative class members are likely to be prejudiced on account of a settlement or dismissal, the district court should provide Rule 23(e) notice."); *see also Culver v. City of Milwaukee*, 277 F.3d 908, 914 (7th Cir. 2002) ("Rule 23(e) should therefore be understood as imposing a duty on the district judge that is nondelegable, he being himself a fiduciary of the class"); *Birmingham Steel Corp. v. Tennessee Valley Authority*, 353 F.3d 1331, 1333 (11th Cir. 2003) ("if, on remand, the district

[8] *But cf. Schwarzschild v. Tse*, 69 F.3d 293, 294-97 (9th Cir. 1995) (reversing district court's order for class notification where summary judgment granted to defendant after initial class certification but before notice of certification was provided to class; defendant waives rights to such notice circulated to class when summary judgment obtained before notice of certification sent); *Diaz v. Trust Territory of Pacific Islands*, 876 F.2d 1401 (9th Cir. 1989) (requiring notice of pre-certification dismissal to putative class members where potential prejudice to the putative members could result if they had refrained from filing suit because of knowledge of pending class action).

[9] The cases cited by Plaintiffs in their Sur-Reply for the proposition that class counsel bears the burden of providing notice to the class do not apply. (Doc. 57, pg. 6.) *Mendez v. The Radec Corp*., 260 F.R.D. 38, 50 (W.D.N.Y. 2009) holds that class counsel has an obligation to move for notice once a class is certified. *In re Franklin Nat'l Bank Securities Litigation*, 574 F.2d 662, 670 (2d Cir. 1978) states that plaintiffs should bear the costs of providing notice to the class. *Greenfield v. Villager Industries, Inc.*, 483 F.2d 824, 832 (3rd Cir. 1973) discusses the manner in which plaintiffs must provide notice once it is approved by the court.

court again decertifies the class, the court must see that timely notification of decertification is sent to the class.") In sum, nothing within Rule 23, Fed. R. Civ. P. requires counsel to provide notice of decertification to putative class members who never received notice of class certification.

Plaintiffs contend that, irrespective of Rule 23, Fed. R. Civ. P., attorneys who pursue class action litigation ethically bear a fiduciary duty to inform potential class members of the outcome of that litigation. It is established that class counsel owes a fiduciary duty to all members of the class. *See Staton v. Boeing Co.*, 327 F.3d 938, 960 (9th Cir. 2003). Moreover, an attorney's fiduciary duty to his/her client generally requires the attorney to disclose conflicts of interest. *In re Estate of Fogleman*, 3 P.3d 1172, 1179 (Ariz. App.2000). Whether class counsel has the duty to inform potential class members that a class was decertified, however, is not a clearly established duty and may be one which is dependent on the facts of a particular case. The Magistrate notes that Milberg asserts that it would have been impossible for Milberg to precisely identify the putative class in *Drnek* because the *Drnek* defendants were in exclusive possession of their client lists. The Magistrate concludes that whether Milberg was required, ethically, to provide notice to putative class members of the decertification order in *Drnek* is really an inquiry into the appropriate standard of care to be exercised by Milberg. As such, it is an issue for the trier of fact. *See Baird v. Pace*, 752 P.2d 507, 509 (Ariz. App.1987) (stating that expert testimony is generally required "to establish the standard of care by which the professional actions of an attorney are measured and to determine whether the attorney deviated from the proper standard.") Accordingly, the Magistrate recommends that the District Court reject Milberg's request for dismissal of Plaintiffs' fiduciary duty claim on this ground.[10]

**3. Plaintiffs have failed to properly plead but-for causation**

In a legal malpractice action, the plaintiff must prove that but for the attorney's

---

[10] In addition, the Magistrate notes that Milberg's failure to provide notice is only one factual allegation supporting Plaintiffs' claim for breach of fiduciary duty. Plaintiffs also allege that Milberg breached its fiduciary duty by disregarding disclosure deadlines. Accordingly, even if Milberg prevailed on its argument that, as a matter of law, no notice was required, it would still not be entitled to dismissal of Plaintiffs' entire breach of fiduciary duty claim.

negligence, he would have been successful in the prosecution or defense of the original suit. *Cecala*, 532 F.Supp.2d at 1136 (citation omitted). "Where the attorney's error was an omission, the inquiry is, assuming the attorney performed the act, would the plaintiff have achieved the claimed benefit?" *Id.* (citation omitted). Milberg contends that Plaintiffs have failed to plead that, but for Milberg's failure to provide notice, Plaintiffs would have retained their own counsel and filed their own securities action against VALIC on a timely basis. The Magistrate agrees.

Although Plaintiffs are not required to plead causation with specificity, *Twombly* requires Plaintiffs' Second Amended Complaint to include more than "a formulaic recitation of the elements of a cause of action." 127 S.Ct. at 1964. Plaintiffs' Second Amended Complaint alleges only that "Defendants' negligence has proximately caused Plaintiffs and the Class damages in an amount to be proven at trial" and that "Defendants' breach of fiduciary duty has proximately caused Plaintiffs and the Class damages in an amount to be proven at trial." (Doc. 37, pgs. 14–15.) Plaintiffs' Second Amended Complaint does not allege any facts which would support an inference that, but for Milberg's failure to provide notice, Plaintiffs would have retained their own counsel and filed their own securities action against VALIC. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions." *Id.* at 1964 (citations and internal quotations omitted). Plaintiffs' Second Amended Complaint is deficient in this regard.

The Ninth Circuit has adopted a policy of liberally granting leave to amend a complaint dismissed on a 12(b)(6) motion. *See, e.g., Breier v. Northern Cal. Bowling Proprietors' Ass'n*, 316 F.2d 787 (9th Cir. 1963). Although Plaintiffs have twice previously amended their complaint, both amendments were made as of right before the filing of an answer or motion to dismiss. Accordingly, the Magistrate recommends that Plaintiffs be afforded an opportunity to amend their Second Amended Complaint in order to properly plead their negligence and breach of fiduciary duty claims.

**4. Punitive Damages**

Milberg contends that Plaintiffs have failed to adequately plead their prayer for punitive damages. Although punitive damages are not generally recoverable in a negligence action, *see Rawlings v. Apodaca*, 726 P.2d 565, 577 (Ariz. 1986), punitive damages may be awarded against attorneys for legal malpractice upon a showing of aggravated or outrageous conduct. *See e.g., Asphalt Engineers, Inc. v. Galusha*, 770 P.2d 1180, 1183 (App.1989). However, an award of punitive damages requires proof of a mental state beyond mere negligence. *See Linthicum v. Nationwide Life Ins. Co.*, 723 P.2d 675, 679 (Ariz. 1986) ("In deciding whether punitive damages are awardable, the inquiry should be focused upon the wrongdoer's mental state . . . . The wrongdoer must be consciously aware of the wrongfulness or harmfulness of his conduct and yet continue to act in the same manner in deliberate contravention to the rights of the victim. It is only when the wrongdoer should be consciously aware of the evil of his actions, of the spitefulness of his motives or that his conduct is so outrageous, oppressive or intolerable in that it creates a substantial risk of tremendous harm to others that the evil mind required for the imposition of punitive damages may be found."). In the present case, Plaintiffs' Second Amended Complaint fails to allege any state of mind on the part of Milberg that supports their prayer for punitive damages. The Magistrate Judge agrees with Plaintiffs that they are not required to plead with particularity the facts which demonstrate that Milberg acted with the requisite intent. *See* Rule 9(b), Fed. R. Civ. P. However, Plaintiffs are required to include an allegation of an intentional or reckless *mens rea*. *See Twombly*, 127 S.Ct. at 1964 (a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions). Plaintiffs' Second Amended Complaint alleges only that Defendants "made no effort," "failed to exercise [] ordinary care and diligence" and "failed to adequately disclose." There is no allegation of an "evil mind." *See Sanchez v. J.C. Penney Properties, Inc.*, 2007 WL 2221043 (E.D. Cal. 2007) (plaintiffs properly pled a claim for punitive damages where their negligence claim included allegations that defendants acted "in willful and conscious disregard to the safety of the public."); *see also Clark v. Allstate Ins. Co.*, 106 F.Supp.2d

1016, 1019 (S.D.Cal. 2000) ("In federal court, a plaintiff may include a 'short and plain' prayer for punitive damages that relies entirely on unsupported and conclusory averments of malice or fraudulent intent.") Accordingly, the Magistrate concludes that Plaintiffs have failed to properly state their prayer for punitive damages. However, for the reasons stated in Section 3, above, the Magistrate recommends that Plaintiffs be afforded an opportunity to amend their Second Amended Complaint to correct this deficiency.

**RECOMMENDATION**

The Magistrate Judge recommends the District Court, after its independent review of the record, enter an Order GRANTING IN PART and DENYING IN PART Defendants' Motion to Dismiss (Doc. 42) and dismissing Plaintiffs' Second Amended Complaint with leave to amend.

Pursuant to 28 U.S.C. § 636(b), any party may serve and file written objections within 14 days of being served with a copy of this Report and Recommendation. If objections are not timely filed, they may be deemed waived. If objections are filed, the parties should use the following case number: **CV-09-629-TUC-FRZ.**

DATED this 4th day of November, 2010.

Jennifer C. Guerin
United States Magistrate Judge