IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Phillip Bobbitt, et al., ) | No. CV 09-629-TUC-FRZ |
| )  Plaintiffs, ) | **ORDER** |
| ) vs. ) | |
| ) Milberg, LLP, et al., ) | |
| )  Defendants. ) | |
| ) | |

Pending before the Court is a Report and Recommendation issued by Magistrate Judge Jennifer C. Guerin. In her Report and Recommendation, Magistrate Judge Guerin recommends that the Court enter an Order denying in part and granting in part Defendants' motion to dismiss such that the Second Amended Complaint would be dismissed with leave to amend. As the Court finds that the Report and Recommendation appropriately resolved the motion to dismiss, the parties objections are denied.[1]

---

[1] The Court reviews de novo the objected-to portions of the Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The Court reviews for clear error the unobjected-to portions of the Report and Recommendation. *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999); *see also Conley v. Crabtree*, 14 F. Supp. 2d 1203, 1204 (D. Or. 1998). The Court notes that to the extent Plaintiffs' objections simply seek clarification on two grounds (Doc. 63 at 2), they are partially granted. First, while the Report and Recommendation stated that the negligence and breach of fiduciary duty claims should be dismissed with leave to amend due to causation issues, Defendants' motion to dismiss did not specifically seek dismissal of the negligence claim based on causation. *See* Doc. 42, Motion to Dismiss at 13 (lines 9-10). As this was outside the scope of the motion to dismiss filed by Defendants, the Court declines to dismiss the negligence claim based on lack of causation. Second, as to the dismissal of the breach of the fiduciary duty

1   Accordingly, IT IS HEREBY ORDERED as follows:

2   (1) Magistrate Judge Guerin's Report and Recommendation (Doc. 62) is accepted and
3   adopted.

4   (2) Defendants' motion to dismiss (Doc. 42) is denied in part and granted in part.[2]

5   (3) Plaintiffs shall file their Third Amended Complaint no later than February 11, 2011.

7   DATED this 23rd day of December, 2010.

_____
Frank R. Zapata
**Senior United States District Judge**

---

24  claim, the clarification sought by Plaintiffs seems unnecessary. Plaintiffs seek clarification because they think the Report and Recommendation suggests only one manner to cure the causation issue. However, the Court does not see any such suggestion from the Report and Recommendation, and Plaintiffs obviously are free to attempt to cure any potential pleading problems (whether identified by the Court, Defendants, or themselves) as they see fit upon filing their Third Amended Complaint.

[2] Co-Defendants unopposed motion for joinder (Doc. 62) in the objections filed by Milberg is granted.