**Lawrence A. Kasten** (State Bar No. 020204)
lkasten@lewisroca.com
**Nicholas S. Bauman** (State Bar No. 032263)
nbauman@lewisroca.com
**Allison L. Whitehill** (State Bar No. 036339)
awhitehill@lewisroca.com
**LEWIS ROCA ROTHGERBER CHRISTIE LLP**
201 East Washington Street, Suite 1200
Phoenix, AZ 85004
Telephone: 602.262.5311

**Robert H. McKirgan** (State Bar No. 011636)
rmckirgan@pswmfirm.com
**PAPETTI SAMUELS WEISS MCKIRGAN LLP**
16430 North Scottsdale Road, Suite 290
Scottsdale, AZ 85254
Telephone: 480.800.3533

**Guy M. Hohmann** (*pro hac vice*)
guyh@hohmannlaw.com
**HOHMANN LAW FIRM**
114 West 7th Street, Suite 1100
Austin, TX 78701
Telephone: 512.495.1438

**Joseph F. Brophy** (*pro hac vice*)
joe@bdlawpllc.com
**Haley Devaney** (*pro hac vice*)
haley@dblawpllc.com
**Marianne Barth** (*pro hac vice*)
marianne@bdlawpllc.com
**BROPHY & DEVANEY, PLLC**
317 Grace Lane, Suite 210
Austin, TX 78746
Telephone: 512.596.3622

**D. Douglas Brothers** (*pro hac vice*)
dbrothers@gbkh.com
**GEORGE, BROTHERS, KINCAID & HORTON, LLP**
114 West 7th Street, Suite 1100
Austin, TX 78701
Telephone: 512.495.1400

**Ryan T. Shelton** (*pro hac vice*)
ryan@eswpllc.com
**EDMUNDSON SHELTON WEISS PLLC**
317 Grace Lane, Suite 210
Austin, TX 78746
Telephone: 512.596.3622

*Attorneys for Plaintiffs Philip Bobbitt and Lance Laber*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Philip Bobbitt and Lance Laber, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>Milberg, LLP; Melvyn I. Weiss; Michael C. Spencer; Janine L. Pollack; Lee A. Weiss; Brian C. Kerr; Uitz & Associates; Ronald A. Uitz; The Lustigman Firm; Sheldon S. Lustigman; and Andrew B. Lustigman,<br><br>Defendants. | No. CV-09-00629-TUC-RCC<br><br>**PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |

Plaintiffs submit this motion seeking the Court's preliminary approval of the *Stipulation of Class Action Settlement And Releases* (Dkt #398-1) ("Settlement Agreement") executed by all parties on March 30, 2023, and the proposed notice campaign and written documents so that notice can be provided to the class members of (1) the terms of the Settlement,[1] (2) their rights to opt out, participate, or object, and

---

[1] The defined terms used in this motion are set out in the Settlement Agreement. *See* Dkt. #398-1 § 1.

120795311.1

(3) the date of the Fairness Hearing before the Court when a final determination of the adequacy and fairness of the Settlement Agreement will be made.[2]

For the Court's convenience, Plaintiffs have submitted a proposed order with this Motion, for the Court's consideration. The proposed order is materially the same as the one agreed upon by the parties and attached to the parties' Settlement Stipulation as Exhibit E (Dkt. #398-1, Ex. E).

If the Court it satisfied that Plaintiffs have met the requirements for preliminary approval, the proposed order, as submitted, has blanks for the Court to enter two dates that will be tied to the date on which the order is entered. Paragraph 3 of the proposed order sets a time for a Fairness Hearing. Plaintiffs respectfully request that the Court set a Fairness Hearing at the earliest possible date consistent with its calendar that is 145 days after the date of entry of the order. Plaintiffs respectfully submit that such a date balances the desire to attempt to afford reasonably timely relief to the class in this already lengthy litigation, while also leaving an adequate time for the Settlement Administrator and the parties to comply with their obligations to provide notice to the Class and federal and state authorities and to provide adequate time to comply with the timeframes and requirements under the Settlement Agreement in advance of the Fairness Hearing.

Paragraph 9 of the proposed order also contains a blank for the deadline for filing exclusion requests by the Class Members. The parties respectfully request that the Court consider an exclusion deadline date that is 60 days after the order of preliminary approval is entered.

## BACKGROUND

This case was first filed in November 2009 and arises out of a securities fraud class action against the Variable Annuity Life Insurance Company ("VALIC"), an issuer of variable annuities, filed in 2001. *See Drnek v. Variable Annuity Life Ins.*, No.

---

[2] Plaintiffs understand that Defendants do not oppose the relief sought by this motion, which comports with the Settlement Agreement's requirement that Plaintiffs seek preliminary approval of the Settlement.

CV-010242-TUC-WDB (D. Ariz. May 25, 2001) ("*Drnek*" or the "Underlying Litigation"). Plaintiffs, individually and on behalf of a class, have asserted certain claims against Defendants related to Defendants' alleged legal representation of a class in the Underlying Litigation against VALIC.

In *Drnek*, the securities fraud claims survived multiple dispositive motions, and the district court granted class certification. Plaintiffs assert that, after the class certification order was entered, however, Defendants missed key court-ordered deadlines for disclosing witnesses and experts, resulting in decertification of the class and an adverse judgment in the Underlying Litigation. Plaintiffs further assert that, as a result, the district court in *Drnek* barred testimony from those witnesses, decertified the class, and entered a judgment in favor of VALIC. The Ninth Circuit affirmed, finding that this failure to meet the deadlines was "neither substantially justified nor harmless." *Drnek v. Variable Annuity Life Ins. Co.*, 261 Fed. App'x 50, 51 (9th Cir. 2007).

Plaintiffs allege that Defendants' conduct in the Underlying Litigation constituted malpractice that caused the loss of important and meritorious claims for the class Defendants represented.

Defendants deny any liability for the claims asserted in this class action and have vigorously defended this litigation.

After extensive litigation over the course of almost 14 years involving two different appeals and negotiations involving both formal mediation and informal settlement discussions, the parties have reached a settlement to resolve this action for $32.15 million plus up to $1 million for the cost of notice. *See* Notice of Settlement (Apr. 3, 2022) (Dkt. 398). Plaintiffs request that the Court grant this motion to preliminarily approve the Settlement Agreement and order that notice be given as proposed.

**ARGUMENT AND AUTHORITIES**

**A.     Preliminary approval is the first of a two-step approval process.**

Court approval is required before any action brought as a class action may be settled. Fed. R. Civ. P. 23(e). To approve a class-action settlement, the Court must determine that the settlement is "fundamentally fair, adequate and reasonable" after affording settlement class members the opportunity to evaluate and comment on the proposed settlement. *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d at 625 (9th Cir. 1982). Courts generally look with favor on the voluntary resolution of litigation through settlement, particularly so in the context of a class action: "[T]here is a strong judicial policy that favors settlements." *In re Syncor ERISA Litig.,* 516 F.3d 1095, 1011 (9th Cir. 2008).

Approving a class action settlement as to a putative class is generally a multi-step process. Moore's Federal Practice: Manual For Complex Litigation (Fourth) § 21.632 (2004) ("Manual For Complex Litigation"). The first step is to obtain preliminary approval of the proposed settlement and the proposed notice campaign and empower the parties and the Settlement Administrator to take specified actions to ready the case for the final-approval determination. *See* Fed. R. Civ. P. 23(e); *see also Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc*., 221 F.R.D. 523, 525 (C.D. Cal. 2004) (describing a "two-step process in which the Court first determines whether a proposed class action settlement deserves preliminary approval, and then after notice is given to class members, whether final approval is warranted").

Upon preliminary approval, the Court directs that notice be given to class members before proceeding with the second step of the process—a formal "fairness hearing" at which class members can be heard regarding the settlement and at which evidence and argument concerning the fairness, adequacy, and reasonableness of the settlement is presented. *See* Manual for Complex Litigation § 21.632.

The Fairness Hearing is the final step in the approval process where the Court will determine whether the settlement should be approved as fair, adequate, and

reasonable, and whether it should be certified for the class. *E.g., Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 619-20 (1997).

**B.     The proposed settlement is well within the "range of possible approval."**

The issue currently before the Court is limited to the first step in the approval process. The preliminary approval stage constitutes an "initial evaluation" of the fairness of the proposed settlement, which can be made by the Court on the basis of written submissions and informal presentation from the settling parties. Manual For Complex Litigation § 21.632, .321 & n. 976 (citation omitted) (first step of the process is the preliminary ascertainment of whether the settlement appears to fall within the "range of possible approval"); *see also In re Tableware Antitrust Litig.*, 484 F. Supp. 2d 1078, 1079 (N.D. Cal. 2007).

The nature of the decision at the preliminary step of the settlement approval process is limited:

> Preliminary approval of a settlement and notice to the proposed class is appropriate if: "the proposed settlement appears to be the product of serious, informed, non-collusive negotiations; and the settlement falls within the range of possible approval, has no obvious deficiencies, and does not improperly grant preferential treatment to class representatives or segments of the class."

*Martinez v. Knight Transp., Inc.*, No. 1:16-cv-01730-SKO, 2023 WL 2655541, at *9 (E.D. Cal. Mar. 27, 2023) (quoting *In re Tableware Antitrust Litig.*, 484 F. Supp. 2d at 1079)); *see also* 2 Newberg on Class Actions § 11.27 at 11-50 (3d ed. 1992), for the proposition that "'[t]he actual class ruling is deferred in [settlement class actions] until after the hearing on the settlement approval, following notice to the class . . . .'"

The Settlement in this case was the product of serious, arm's-length negotiations between the counsel for the Class and counsel for the Defendants over an extended period of time and conducted by experienced and highly competent counsel. *See Rodriguez v. W. Publishing Corp.*, 563 F.3d 948, 965 (9th Cir. 2009) (Ninth Circuit "put(s) a good deal of stock in the product of an arms-length, noncollusive, negotiated resolution."). The parties reached a resolution in principle after an extensive mediation

process conducted before a highly regarded, neutral, complex commercial mediator, David Geronemus of JAMS. The resulting Settlement has been thoroughly reviewed and considered by multiple class-action experts to ensure compliance with the Federal Rules of Civil Procedure, governing statutes, and due process requirements. It treats all Class Members equally, using a compensation formula that is objective and fair to allocate the limited-fund proceeds.

Further, as demonstrated in part C, this Settlement Agreement easily falls within "the range of possible approval."

## C. The factors that will be considered at the ultimate Fairness Hearing counsel in favor of preliminary approval.

The Ninth Circuit has outlined six considerations that are considered by a court in evaluating the fairness of a proposed settlement:

(1) the strength of the plaintiff's case;

(2) the risk, expense, complexity, and likely duration of further litigation;

(3) the risk of maintaining class action status throughout the trial;

(4) the amount offered in settlement;

(5) the extent of discovery completed and stage of the proceedings;

(6) the experience and views of counsel;

(7) the presence of a governmental participant; and

(8) the reaction of the Class members to the proposed settlement.

*Lane v. Facebook, Inc.*, 696 F.3d 811, 819 (9th Cir. 2012) (citing *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998)). The *Hanlon* factors are not exhaustive, and therefore the Court may consider other important factors. *Torrisi v. Tuscon Elec. Power Co.*, 8 F.3d 1370, 1376 (9th Cir. 1993). These factors remain the gold standard for settlement fairness review in federal courts today.

The parties will be prepared to discuss these issues in detail at the Fairness Hearing. As discussed above, the standard for the preliminary determination is whether the Settlement Agreement is "within the range of possible approval." *See* part

A. Accordingly, the *Hanlon* factors are not applicable at this time. However, whether viewed through the lens of preliminary approval or the ultimate fairness inquiry, this Settlement Agreement is fair and adequate.

### 1. Plaintiffs believe their case is strong but acknowledge countervailing risks.

When evaluating the strength of a case, the Court should "evaluate objectively the strengths and weaknesses inherent in the litigation and the impact of those considerations on the parties' decisions to reach these agreements." *Adoma v. Univ. of Phoenix, Inc.*, 913 F. Supp. 2d 964, 975 (E.D. Cal. 2012). It should keep in mind that approval of settlement is generally "preferable to lengthy and expensive litigation with uncertain results." *DIRECTV*, 221 F.R.D. at 526.

Plaintiffs maintain that their malpractice claims against Defendants are strong, and that evidence proffered in the Underlying Litigation showed that the claims against VALIC were extensive. The certified Class includes approximately 1.3 million members and spans five years. But Plaintiffs are also realistic that it has taken 14 years to get to this point, that Defendants have asserted—and will continue to assert—significant arguments in denying any liability, causation, or damages in the class action, and that the road to recovery remains challenging and will drain available insurance resources from which to recover.

### 2. The risk, expense, complexity, and likely duration of further litigation weighs heavily in favor of this Settlement Agreement.

The decade-long appellate process—itself the product of years of investigation and legal battles on multiple fronts—is the best evidence of the complexity and uncertainty of litigating this complex of related cases to conclusion. Not only is this litigation complex and inevitably protracted, but the practical stakes are enormous, with over one million customers affected by the litigation. Defendants have shown their commitment to vigorously defend against these claims, as demonstrated through the lengthy proceedings to date. Proceeding through additional pre-trial, trial, and

probable appeal would impose risks, costs, and a substantial delay in the implementation of any remedy in this matter.

By settling the litigation, the parties will conserve substantial time and expense, and the Class Members will receive significant relief much sooner than would be possible with further drawn-out litigation. In fact, if this Settlement Agreement were not approved and litigation were to continue, the Class Members could receive virtually nothing. This is especially true given Class Counsel's understanding that all but $2 million of the Defendants' insurance policies, discussed below, are "wasting" policies and the available insurance is being reduced by defense fees and costs.

Given the relief achieved and the risks and costs involved in further litigation, the Settlement Agreement represents a fundamentally "fair, reasonable, and adequate" resolution of the disputed issues and should be preliminarily approved.

### 3. The risk of maintaining class action status throughout the trial.

The Court has previously and thoroughly considered the class certification issues and granted certification of the Class for litigation purposes in a lengthy and well-reasoned opinion. *Bobbitt*, 338 F.R.D. at 626. Plaintiffs respectfully suggest that the Court should not be inclined to reconsider that decision. This factor thus also weighs in favor of the Settlement Agreement that provides benefits on a class-wide basis.

### 4. The amount offered in settlement amounts to a sizeable percentage of the available resources of Defendants through their insurers.

The passage of time has adversely impacted the resources available for any recovery if the Class is successful. Several of the Defendant law firms are no longer in existence, and two of the key Defendant attorneys have passed away. Available resources to recover from are limited. The combined insurance policies for Defendants aggregate to approximately $52 million, and are reduced dollar-for-dollar by defense costs incurred in defending the Class Action. Plaintiffs understand available insurance has already been significantly eroded by millions of dollars as a result of this litigation.

The Settlement Fund of over $32 million constitutes a substantial percentage of those available, but wasting, resources. If this matter is not settled, the available insurance will be eroded significantly given the Defendants' history of mounting a vigorous defense. As to any settlement in the future, the available insurance will be significantly less.

**5. The facts and legal theories were sufficiently developed to permit a proper analysis of the settlement terms.**

Class Counsel had ample information from which to make informed decisions about the strength of their claims. In addition to discovery taken to date in this action, the parties have had the benefit of the extensive materials that Defendants created and collected with respect to the Underlying Litigation against VALIC, which includes hundreds of thousands of pages of documents.

Accordingly, this factor weighs in favor of approval because with the benefit of considerable case development and discovery, the parties are well informed about the merits of their respective cases.

**6. The experienced counsel in this matter view the Settlement Agreement as "fundamentally fair, adequate and reasonable" under all the circumstances.**

The Class Representatives, Defendants, and their respective counsel all support this Settlement Agreement as a fair and appropriate way to resolve what will otherwise be continued protracted litigation. Both the Class and Defendants have been zealously represented by a number of sophisticated attorneys throughout the litigation. Counsel for both sides are well experienced with complex litigation and in a position to evaluate the objective fairness of the proposal.

**7. The lack of a government participant is neutral.**

There is no government participant. But there was no role or need for a government actor to litigate this purely private class action, so this factor is neutral in the analysis.

**8. Class-Member reaction cannot be assessed before they have received notice of the Settlement.**

This factor assesses the class members' reactions to a settlement after they have been fully informed of its contents and afforded the opportunity to opt out, object, or comment. As explained in part D, the proposed notice procedure provides the Class Members with full information about the Settlement and adequate opportunities to opt out or object to and comment on the Settlement Agreement. At this preliminary-approval stage, it is premature to assess the reactions of the absent class members, so this factor too is neutral.

In sum, the Settlement Agreement that this Court is asked to preliminarily approve is the result of numerous serious and arms' length discussions, and it continues to represent a number of hard-fought compromises that are designed to benefit the Class Members. The Agreement is sufficiently fair, reasonable, and adequate to warrant sending notice of the proposed Settlement to the Class and scheduling a hearing for further review of the proposed Settlement.

**D.     The Court should approve the class notice.**

Attached to the Settlement Agreement are a proposed Claim Form and Class and Summary Notices. *See* Dkt. 398-1, Exhibits A-C. These documents have been prepared in the recommended "plain language" format, as recommended by expert claims administrators. *See* Shannon Wheatman and Tiffaney Janowicz, *The Plain Language Toolkit for Class Action Notice*, A Practitioner's Guide to Class Actions, ch. 23.B (ABA 2021). They explain the key features of the Settlement and provide instruction about how to opt out of the class or raise objections at the Fairness Hearing and how to participate in the Settlement. These documents also fulfill the requirement of neutrality in class notices. *See* 3 Newberg On Class Actions § 8.39. They have been thoroughly vetted by all counsel and the Settlement Administrator to ensure that they provide sufficient notice to the Class Members to make informed decisions about whether and how to evaluate and participate in the Settlement Agreement.

The proposed Order of Preliminary Approval (Dkt. #398-1, Exhibit E) requires the Summary Notice and Claim Form to be sent via first-class U.S. mail to the Class Members' most recent addresses in VALIC's records (as updated through the Settlement Administrator's address-updating software). In addition, the Summary Notice will be published in *Investor's Business Daily* within 10 days of the order of preliminary approval. And the Class Notice and Settlement Stipulation will be posted on a dedicated settlement website—www.bobbittsettlement.com—beginning as soon as practicable after the Court's entry of the preliminary approval order and continuing through the date of the Fairness Hearing. Fed. R. Civ. P. 23(c)(2)(B) (requires class members to be provided with the best notice that is practicable under the circumstances).

This notice campaign meets the requirements of due process and Rule 23 of the Federal Rules of Civil Procedure and constitutes the best notice practicable under the circumstances to all Class Members. The notices contain information that a reasonable person would consider to be material in making an informed, intelligent decision of whether to opt out or remain a member of the class and be bound by the final judgment. Accordingly, the notices comply with the standards of fairness, completeness, and neutrality required of a combined settlement-certification class notice disseminated under the authority of the Court.

## CONCLUSION

For these reasons, Plaintiffs request that the Court:

(1) grant preliminary approval of the Settlement Agreement for the purpose of providing notice to the Class Members of the terms of the Settlement Agreement and the date of the Fairness Hearing before the Court when a final determination of the adequacy and fairness of the Settlement Agreement will be made;

(2) enter an order substantially similar to the proposed *Preliminary Class Action Settlement Order* submitted contemporaneously herewith after providing and filling in the date for the Fairness Hearing in paragraph 3 that is 145 days after the date

of entry of the order (subject to the Court's calendar) and an exclusion/opt-out deadline in paragraph 9 that is 60 days after entry of the order;

    (3)    approve the Class Notice, Summary Notice, and Claim Form to be sent to the class members; and

    (4)    grant such other and further relief to which Plaintiffs are entitled.

RESPECTFULLY SUBMITTED this 10th day of April, 2023.

LEWIS ROCA ROTHGERBER CHRISTIE LLP

By: *s/Lawrence A. Kasten*
Lawrence A. Kasten
Nicholas S. Bauman
Allison L. Whitehill
201 East Washington Street, Suite 1200
Phoenix, AZ 85004
*Attorneys for Plaintiffs Philip Bobbitt and Lance Laber*

# CERTIFICATE OF SERVICE

I certify that on April 10, 2023, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following registrants:

Douglas J. Pepe – dpepe@cohengresser.com

Alexandra K. Theobald – atheobald@cohengresser.com

Benjamin Zhu – bzhu@cohengresser.com

Gila S. Singer – gsinger@jha.com

Gregory P. Joseph – gjoseph@jha.com

Honey L. Kober – hkober@jha.com

Michele G. Thompson – mthompson@udalllaw.com

Kathleen M. Rogers – krogers@sluteslaw.com

Donald L. Myles, Jr. – dmyles@jshfirm.com

J. Gary Linder – glinder@jshfirm.com

Steven D. Leach – sleach@jshfirm.com

Robert H. McKirgan – rmckirgan@pswfirm.com

Guy M. Hohmann – guyh@hohmannlaw.com

Joseph F. Brophy – joe@bdlawpllc.com

Ryan T. Shelton – ryan@eswpllc.com

D. Douglas Brothers – dbrothers@gbkh.com

By: *s/Ashly White*