UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Philip Bobbitt et al., | No. CV-09-00629-TUC-RCC |
| Plaintiffs, | |
| vs. | **ORDER** |
| Milberg, LLP et al., | |
| Defendants. | |

Class Representatives Philip Bobbitt and Lance Laber on behalf of the Class (as defined below) have applied to the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure for an order preliminarily approving the settlement of the above-captioned litigation (the "**Action**") in accordance with the Stipulation of Class Action Settlement and Releases on file in this matter (the "**Settlement Stipulation**" or "**Stipulation**") (ECF No. 398-1), which, together with the attached exhibits, sets forth the terms and conditions for a proposed settlement of the Action against Defendants and for dismissal of the Action with prejudice upon the terms and conditions in the Settlement Stipulation; and the Court having read and considered the Settlement Stipulation and its exhibits and the pleadings and papers submitted in connection with this Preliminary Class Action Settlement Approval Order;

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** as follows:[1]

---

[1] Terms not defined in this Order shall have the definitions ascribed to them in the Settlement Stipulation.

120801959.1

**1. Certification of Class Solely for Purposes of Settlement.** For the reasons set forth in the Court's Opinion and Order dated May 19, 2021 (ECF No. 359) (the "**Class Order**"), the Court re-certifies for purposes of the Settlement, pursuant to Rule 23 of the Federal Rules of Civil Procedure, the same Class certified pursuant to the Class Certification Order. "**Class**" means, for purposes of the Settlement and pursuant to the Court's opinion and Class Certification Order of May 19, 2021:

> [A]ll persons who purchased an individual variable deferred annuity contract or who received a certificate to a group variable deferred annuity contract issued by VALIC, or who made an additional investment through such a contract, on or after April 27, 1998 to April 18, 2003 (**Class Period**) that was used to fund a contributory retirement plan or arrangement qualified for favorable tax treatment pursuant to sections 401, 403, 408, 408A, or 457 of the Internal Revenue Code. Excluded from the Class are defendants in this case or the Underlying Litigation, any officer or director of any defendant in this case or the Underlying Litigation or entity in which any defendant in this case or the Underlying Litigation had a controlling interest at any relevant time, any member of those persons' immediate families and legal affiliates, heirs, controlling persons, agents, successors and predecessors in interest or assigns of any such excluded person or entity.

"**Class Member**" means, for purposes of the Settlement, a member of the Class as defined by the Court's Class Order. "**Settlement Class Members**" are those Class Members who (i) do not exclude themselves from the Settlement pursuant to Section 12, and (ii) timely submit a Validated Claim Form in accordance with Section 7 of the Settlement Agreement.

Further, for the reasons set forth in the Class Order, Philip Bobbitt and Lance Laber are appointed for purposes of the Settlement only as Class Representatives, and the law firms of: Papetti Samuels Weiss McKirgan LLP; The Hohmann Law Firm, LLC; Lewis Roca Rothgerber Christie LLP; George Brothers Kincaid & Horton, L.L.P.; Brophy & Devaney, PLLC; and Edmundson Shelton Weiss, PLLC are appointed Class Counsel for purposes of settlement only pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

**2. Preliminary Findings on Proposed Settlement.** The Court preliminarily finds that the proposed Settlement evidenced by the Settlement Stipulation is within the range of possible approval, meaning that it is sufficiently fair, reasonable, and adequate

to warrant sending notice of the proposed Settlement to the Class and scheduling a hearing for further review of the proposed Settlement. By the time of that hearing, the Court will have had the benefit of any submissions from Class Members concerning the proposed Settlement.

      3. **Fairness Hearing.** Pursuant to Federal Rule of Civil Procedure 23(e), the Court will hold a hearing (the "**Fairness Hearing**") on **Tuesday, September 5, 2023 at 11:00 a.m.** in Courtroom 6D of the United States District Court for the District of Arizona, 405 W. Congress Street, Tucson Arizona, 85701. The Court may adjourn the Fairness Hearing and reconvene it at some other date without further notice to Class Members, and may approve the Settlement, at or after the Fairness Hearing with such modifications as may be consented to by the parties to the Stipulation and without further notice to the Class. The Fairness Hearing will consider, among other things:

    a) whether the proposed Settlement should be approved as fair, reasonable, and adequate;

    b) whether an Order and Final Judgment, should be entered dismissing the Action on the merits and with prejudice as to Defendants, and whether the Releasing Parties' release of the Released Claims, as set forth in the Settlement Stipulation, should be provided to the Released Parties;

    c) whether the proposed Plan of Distribution is fair and reasonable and should be approved by the Court;

    d) whether the Notice, Summary Notice, and notice methodology implemented pursuant to the Settlement Stipulation and this Order (i) constituted the best practicable notice, (ii) constituted notice that was reasonably calculated, under the circumstances, to apprise potential Class Members of the pendency of the Action, their right to object to the proposed Settlement, their right to appear at the Fairness Hearing, and their right to exclude themselves from the Class, (iii) were reasonable and constituted due, adequate, and sufficient notice to all persons entitled to notice, and (iv) met all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Rules of the Court, and any other applicable law;

    e) whether Class Counsel's request for fees and reimbursement of their expenses should be approved by the Court;

    f) whether the Court should approve the Class Representatives' service awards; and

    g) any other matters that the Court may deem appropriate.

**4. Notice to Class Members.** The Court approves, as to form and content, the form of Summary Notice attached as Exhibit A, the Claim Form attached as Exhibit B, and the Class Notice attached as Exhibit C. The Court finds that the delivery by first class United States Mail of the Summary Notice and Claim Form, the publication of the Summary Notice, and the posting of the Class Notice and the Settlement Stipulation at www.bobbittsettlement.com substantially in the manner and form set forth in this Preliminary Approval Order meet the requirements of due process and Rule 23 of the Federal Rules of Civil Procedure, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all Class Members.

**5. Notice.** The Settlement Administrator shall mail or cause to be mailed the Summary Notice and Claim Form (Exhibits A and B). The Summary Notice directs the recipient to the Class Notice (Exhibit C), to be posted at the following website: www.bobbittsettlement.com. The Summary Notice and Claim Form shall be sent, by first-class United States mail, postage prepaid, no later than thirty (30) days after entry of this Preliminary Approval Order, to all potential Class Members at the address of each such person as set forth in documents produced by VALIC and whose data has been provided to the Settlement Administrator, or who are identified by further reasonable efforts. The out-of-pocket cost of notice to potential Class Members will be paid up to one million dollars, first, out of the Notice Fund and next out of the Settlement Fund, if such cost exceeds one million dollars, as addressed in the Stipulation. Class Counsel is empowered to supervise and administer the notice procedure.

**6. Summary Notice.** Within ten (10) days from the date of this Preliminary Approval Order, Class Counsel shall cause the Summary Notice to be published, substantially in the form attached as Exhibit A, once in the national publication *Investor's Business Daily.* At least five (5) days before the Fairness Hearing, Class

Counsel shall serve and file with the Court proof by affidavit or declaration of such mailing and publication.

**7. Communications with Class Members.** The parties do not anticipate that Defendants will need to communicate with Class Members, but to the extent such communications are initiated by potential Class Members, and, in such circumstances, Defendants will use their best efforts to direct such potential Class Members to the Settlement Administrator or to the Settlement Administrator's website, or to Class Counsel. VALIC and Class Counsel are working together to formulate a plan for handling communications by Class Members to VALIC related to the Settlement.

**8. Administration.**

    a) **Retention of Claims Administrator.** The Court approves the Class Representatives' selection of Rust Consulting, Inc. to serve as claims administrator (the "**Settlement Administrator**") or seek other claims administration as may be approved by the Court for the purposes of, among other things, effectuating the Class Notice, the Summary Notice, and website, processing Claim Forms, and distributing payments to Class Members from the Net Settlement Funds. The Settlement Administrator shall be responsible for the receipt of all responses from potential Class Members and shall preserve all Claim Forms and any and all other written communications from potential Class Members, nominees, or any other person in response to the Notice or Summary Notice until one year following the date of distribution of the proceeds of the Net Settlement Funds to Class Members or pursuant to further order of the Court.

    b) **Notice and Administration Costs and Taxes.** As provided in the Settlement Stipulation, (i) all reasonable costs incurred in identifying and notifying potential Class Members, as well as administering the Settlement, shall be paid as set forth in the Settlement Stipulation without further order of the Court, and (ii) Class Counsel or the Settlement

    Administrator or their agents are authorized and directed to prepare any tax returns required to be filed on behalf of or in respect of the Settlement Fund, to cause any Taxes due and owing to be paid from the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof as contemplated by the Stipulation, without further order of the Court.

  c) **Class Action Fairness Act.** Any recipient of notice under the Class Action Fairness Act of the confidential agreement referenced in Section 17.b of the Settlement Stipulation shall maintain the confidentiality of the agreement absent further order of the Court.

 **9. Exclusion from Class.** All Class Members who wish to exclude themselves from the Class **must submit a timely, written request for exclusion to the Settlement Administrator by Monday, June 12, 2023**. The exclusion request must include the following information: the Class Member's full name, address, and telephone number; a statement that the member wishes to be excluded from the Settlement; the case name and case number; and identification information for the VALIC account(s) the Class Member held during the Class Period. To be valid, any request for exclusion must be in writing, must contain all the required information, and must be received by the Settlement Administrator as stated on the Notice. If the proposed Settlement is approved, any potential Class Member who has not filed a timely and valid written request for exclusion from the Class (and his, her, or its heirs, executors, administrators, predecessors, successors, affiliates and assigns) shall be bound by the release provided for in the Stipulation and by all proceedings, orders, and judgments in the Action, even if he, she, or it has pending, or subsequently initiates, any litigation, arbitration, or other proceeding, or has any other claim, against any or all of the Released Parties relating to any of the Released Claims. At or before the Fairness Hearing, the Settlement Administrator shall provide to the Court a list of the persons and entities, if any, who have validly and timely requested exclusion from the

Class. Persons requesting exclusion from the Class shall not be entitled to receive any payment out of the Net Settlement Funds.

**10. Preliminary Injunction.** Pending final determination of whether the Settlement should be approved:

   a) Class Representatives and all Class Members (and their heirs, executors, administrators, predecessors, successors, affiliates (as defined in 17 C.F.R. Part 210.1- 02.b) and assigns) who have not validly and timely requested exclusion from the Class are preliminarily enjoined from filing, commencing, prosecuting, intervening in, participating in, as class members or otherwise, or receiving any benefits or other relief from any other lawsuit, arbitration, or administrative, regulatory, or other proceeding or order in any jurisdiction, as to the Released Parties based on or relating in any way to (i) the claims and causes of action, or the facts and circumstances relating thereto, in the Action; and/or (ii) the Released Claims; and

   b) All persons are preliminarily enjoined from filing, commencing, or prosecuting any other lawsuit as a class action (including by seeking to amend a pending complaint to include class allegations or by seeking class certification in a pending action in any jurisdiction) on behalf of any Class Members as to the Released Parties, if such other lawsuit is based on or related in any way to the claims and causes of action, or the facts and circumstances relating thereto, in the Action and/or the Released Claims.

**11. Objections.** Any Class Member who has not filed a request for exclusion from the Class and who wishes to object to the fairness, reasonableness, or adequacy of the Settlement must file with the Court a written statement providing the grounds for all objections, stated with specificity, and any evidence the objecting Class Member wishes to introduce in support of the objections; whether the objection applies only to

the objector, to a specific subset of the Class, or to the entire Class; proof of membership in the Class; a statement as to whether the Class Member intends to appear at the Fairness Hearing, either individually or through the Class Member's counsel; the Class Member's signature; and the case name and case number. Any objection must also include the following information about the Class Member: full name, address, and telephone number, and the contact information for the Class Member's counsel, if any. The Class Member must provide the statement to Class Counsel and the Settlement Administrator. If a Class Member hires an attorney (at the Class Member's own expense) to represent the Class Member for the purposes of objecting, such attorney must serve a notice of appearance on Class Counsel (at the address of record on the Court's docket) and file it with the Court so that it is received no later than forty-five (45) days before the date set for the Fairness Hearing. Any Class Member who does not make an objection in the time and manner provided in the Notice shall be deemed to have waived such objection, shall be bound by the terms of the Stipulations and the Order and Final Judgment, and shall be foreclosed forever from making any objection to the fairness or adequacy of the proposed Settlement.

**12. Appearance at Fairness Hearing.** Any Class Member who files and serves a timely, written objection in accordance with paragraph 11 above may also appear at the Fairness Hearing either in person or through counsel retained at the Class Member's expense. Class Members or their attorneys intending to appear at the Fairness Hearing must serve a notice of intention to appear, setting forth, among other things, the name, address, and telephone number of the Class Member (and, if applicable, the name, address, and telephone number of the Class Member's attorney), on Class Counsel (at the address set forth above) and file it with the Court by the date set in the Notice. Any Class Member who does not timely file and serve a notice of intention to appear in accordance with this paragraph shall not be permitted to appear at the Fairness Hearing, except for good cause shown.

13. **Filing of Papers.** All papers in support of the Settlement Stipulation shall be filed and served at least thirty (30) days before the Fairness Hearing.

14. **Settlement Fund.** The Settlement Fund shall be considered a Qualified Settlement Fund *in custodia legis* of the Court, in accordance with the meaning of Treasury Regulation § 1.468B-1.

15. **Termination of Settlement.** This Order shall become null and void, and shall be without prejudice to the rights of the settling Parties, all of whom shall be restored to their respective positions existing immediately before this Court entered this Order, if the proposed Settlement is not finally approved by the Court, or does not become final, pursuant to the terms of the Settlement Stipulation; or if the proposed Settlement is terminated in accordance with the terms of the Settlement Stipulation or does not become effective as required by the terms of the Settlement Stipulation for any other reason. In such event, the Settlement Stipulation and paragraph 1 of this Order shall become null and void and of no further force and effect, and shall not be used or referred to for any purpose whatsoever.

16. **Use of Order.** This Order shall be of no force or effect if the Settlement Stipulation does not become Final. This Order shall not be construed or used as an admission, concession, or declaration by or against the Released Parties of any fault, wrongdoing, breach, or liability. Nor shall this Order be construed or used as an admission, concession, or declaration by or against Class Representatives or the Class Members that their claims lack merit or that the relief requested in the Complaint is inappropriate, improper, or unavailable, or as a waiver by any party of any defenses or claims he, she, or it might have.

17. **Continuance of Hearing.** The Court reserves the right to adjourn the date of the Fairness Hearing without further notice to Class Members and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

**IT IS FURTHER ORDERED** the Clerk of Court shall set a **Fairness Hearing** for **Tuesday, September 5, 2023 at 11:00 a.m.** before the undersigned.

Dated this 11th day of April, 2023.

_____
Honorable Raner C. Collins
Senior United States District Judge